UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 10-4782(DSD/SER)

Mehdi Hadjdjelloul,

　　　　　Plaintiff,

v.                                                    **ORDER**

Global Machinery Company and
Lowe's Home Centers, Inc.,

　　　　　Defendants.


　　　　　David O.N. Johnson, Esq. and Meyer, Puklich, Merriman &
　　　　　Johnson, PLC, 8921 Aztec Drive, Suite 2, Eden Prairie, MN
　　　　　55347, counsel for plaintiff.

　　　　　William M. Bradt, Esq., Stacey H. Sorensen, Esq. and
　　　　　Hansen, Dordell, Bradt, Odlaug & Bradt, PLLP, 3900
　　　　　Northwoods Drive, Suite 250, St. Paul, MN 55112, counsel
　　　　　for defendants.


This matter is before the court upon the motion for summary
judgment by defendant Lowe's Home Centers, Inc. (Lowe's).[1]  Based
on a review of the file, record and proceedings herein, and for the
following reasons, the court grants the motion in part.

**BACKGROUND**

This products-liability dispute arises from an injury to
plaintiff Mehdi Hadjdjelloul[2] while he was operating a miter saw

---

[1] The court has jurisdiction over this matter pursuant to 28
U.S.C. § 1332(a), because the amount in controversy exceeds $75,000
and there is complete diversity of citizenship.

[2] Hadjdjelloul is a citizen of Minnesota and Lowe's is a North
(continued...)

manufactured by Global Machinery Company (GMC).[3]  On November 6, 2006, Hadjdjelloul and two friends, nonparties Shane Sorby and Jason Street, were remodeling Sorby's home in Princeton, Minnesota. See Hadjdjelloul Dep. 36:12-13.  The blade guard of the GMC saw shattered while Hadjdjelloul was cutting a piece of wood.  See id. at 48:23-49:12.  Hadjdjelloul's left hand contacted the saw blade when he attempted to protect his face.  Id. at 63:19-65:20.  The blade severed the tip of his left index finger, and caused injuries to his "left middle, small left fingers, and face."  Compl. ¶ 10; Hadjdjelloul Dep. 65:4-14.

Street purchased the GMC saw at Lowe's in 2006.  Street Aff. at 1; Hadjdjelloul Dep. 40:15-16, 77:16-78:7.  Sometime after the accident,[4] Hadjdjelloul called a local Lowe's retailer to ask whether they sold the same model GMC saw.  See Hadjdjelloul Dep. 75:8-18.  A store employee told Hadjdjelloul that "they didn't carry it, not at the time."  Id. at 75:16-18.  Hadjdjelloul, however, did not ask whether Lowe's previously sold that model GMC saw.  Id. at 75:22-76:3.

---

[2](...continued)
Carolina corporation with its principal place of business in North Carolina.  See Notice of Removal ¶¶ 1-2.

[3] GMC is an Australian company.  See id. ¶ 4.

[4] Hadjdjelloul does not recall the date of his inquiry. The phone call was placed sometime between January 2007 and December 2008.  See Hadjdjelloul Dep. 75:8-13.

In December 2006, Hadjdjelloul told GMC that he had been injured, and asked GMC to forward his letter to its insurer. Sorenson Aff. Ex. C.  Lawyers for GMC (Kahns Lawyers) requested additional information, and in October 2007, Hadjdjelloul sent a settlement-demand letter to Kahns Lawyers detailing his medical treatment.  See id. Exs. D, F.  A few days later, Kahns Lawyers requested information about the actual incident.  See id. Ex. G. In December 2008, GMC entered receivership in Australia.  Cf. Johnson Aff. Exs. B–D.  On May 3, 2009, Kahns Lawyers responded to Hadjdjelloul, stating that they believed that the saw blade had been incorrectly replaced and therefore were not offering compensation.  See Sorenson Aff. Ex. H.  Kahns Lawyers also invited Hadjdjelloul to "submit this information to your court system." Id.  At some point, Hadjdjelloul forwarded a copy of the present summons and complaint to Kahns Lawyers, who did not respond. Johnson Aff. ¶ 6.

On November 3, 2010, Hadjdjelloul began the present action in Minnesota state court, claiming injury based on defects in the saw and failure to warn.  Lowe's timely removed.  Lowe's attempted to serve a deposition subpoena on Street at his last known address. Zopf Aff. at 1-2.  On July 15, 2011, after eight unsuccessful attempts to serve Street, Lowe's moved for summary judgment.  Id.

After Lowe's filed its motion and memorandum in support,[5] but before the close of discovery, Hadjdjelloul submitted an affidavit signed by Street claiming that he purchased the GMC saw at Lowe's in 2006.  See Street Aff. at 1.

## DISCUSSION

### I.  Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  See id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. See id. at 255.  The nonmoving party, however, may not rest upon

---

[5]  Lowe's requested that the court strike plaintiff's responsive pleadings and affidavit for lack of timeliness.  See Def.'s Reply Mem. 1-3.  Although Hadjdjelloul filed eleven days late, Lowe's is not prejudiced by this untimely filing.  The court is unpersuaded that the appropriate remedy is to strike Hadjdjelloul's pleadings, especially given the difficulty that arose in locating Street.  See Brannon v. Luco Mop Co., 521 F.3d 843, 847 (8th Cir. 2008) (noting that district courts "retain[] considerable discretion" over enforcement of local rules).

mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial.  <u>See</u> <u>Celotex</u>, 477 U.S. at 324.  A party asserting that a genuine dispute exists — or cannot exist —  about a material fact must cite "particular parts of materials in the record."  Fed. R. Civ. P. 56(c)(1)(A).  If a plaintiff cannot support each essential element of his claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial.  <u>Celotex</u>, 477 U.S. at 322-23.

## II. Strict Liability

For a seller to be strictly liable for injuries caused by a defective product, "the injured party must present evidence, direct or circumstantial, from which the jury can justifiably find that (1) the product was in fact in a defective condition, unreasonably dangerous for its intended use; (2) such defect existed when the product left defendant's control; and (3) the defect was the proximate cause of the injury sustained."  <u>Lee v. Crookston Coca-Cola Bottling Co.</u>, 188 N.W.2d 426, 432 (Minn. 1971).  Lowe's argues that Hadjdjelloul cannot prove the second element: that Lowe's sold the GMC saw.

Viewing the facts in a light most favorable to Hadjdjelloul, the court determines that there is a genuine dispute about whether Street purchased the GMC saw from Lowe's.  A jury might find

Street's assertion credible and thus determine that Lowe's sold the saw. Therefore, summary judgment is not warranted on this basis.

## III.   Minnesota Statutes § 544.41

Lowe's next argues that it should be dismissed under Minnesota Statutes § 544.41.   Section 544.41, the "seller's exception," limits the liability of passive distributors in a products-liability case.   The statute provides that once the manufacturer of the product is identified, dismissal of the non-manufacturer is proper.   See Minn. Stat. § 544.41 subdiv. 1; see also Block v. Toyota Motor Corp., No. 10-2802, 2010 WL 5422555, at *3 (D. Minn. Dec. 23, 2010) ("Section 544.41 requires dismissal of a non-manufacturer once the manufacturer of the product is identified."); Kladvico v. Sportsstuff, Inc., No. 06-4924, 2008 WL 4933951, at *3 n.4 (D. Minn. Sept. 2, 2008).   Here, the manufacturer of the saw was identified shortly after the incident.

Hadjdjelloul responds that dismissal of Lowe's is improper because GMC has not been made a party to the suit.   Although § 544.41 requires service and obligates the manufacturer to answer a complaint prior to dismissal of the passive seller, it also states that "due diligence shall be exercised by the plaintiff in filing a law suit and obtaining jurisdiction over the manufacturer."   Minn. Stat. § 544.41 subdiv. 2; cf. In re

Shigellosis Litig., 647 N.W.2d 1, 7 (Minn. Ct. App. 2002) (noting that dismissal would be proper in case where plaintiff fails to exercise due diligence and never serves manufacturer).

Hadjdjelloul has not exercised due diligence.  The only attempt to add GMC to the suit was the delivery of a summons and complaint to Kahns Lawyers.  See Johnson Aff. ¶ 6.  Mailing or emailing a summons and complaint to a lawyer does not conform with Australia's international service-of-process protocol.[6]  See Fed. R. Civ. P. 4(f).  Moreover, service upon Australian companies is proper only if mailed directly to the company's registered office, through personal service on a director of the company or, if a liquidator or administrator has been appointed, by mailing a copy to the office of the liquidator or administrator.  See Corporations Act 2001 (Cth) s 109X (Austl.).  By directing the summons and complaint to Kahns Lawyers, Hadjdjelloul failed to serve GMC. Therefore, at this time, dismissal of Lowe's is warranted based on lack of due diligence.

Hadjdjelloul further responds that dismissal of Lowe's is improper because GMC is insolvent and unable to satisfy a potential

---

[6] Australia acceded to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (Hague Service Convention).  According to the Australian Attorney-General's Department website, international service must comply with the Hague Service Convention, be performed through diplomatic channel or be carried out by a private-process server.  See Australia Attorney-General's Department, Service in Australia, http://www.ag.gov.au/www/agd/agd.nsf (last updated July 25, 2011).

claim.  A dismissed seller may be reinstated if the plaintiff demonstrates that "the manufacturer is unable to satisfy any judgment as determined by the court."  Minn. Stat. § 544.41 subdiv. 2(d).  Hadjdjelloul bears the burden to show that GMC cannot satisfy a judgment.

Hadjdjelloul has not yet satisfied this burden.  Hadjdjelloul submitted two articles from a website called smartcompany and another unidentified website.  See Johnson Aff. Exs. B-D.  These internet postings were from 2008 and indicate that GMC was in receivership, but they fail to address the terms of GMC's receivership.  Specifically, the exhibits do not show whether GMC could satisfy a judgment.  Merely entering receivership does not mean that GMC is incapable of satisfying a judgment.  Persons having legal claims against a company and other creditors may continue to file suit after a company enters receivership.  See Australian Securities & Investments Commission, Receivership: A Guide for Creditors, Information Sheet 54 (2008), available at http://www.asic.gov.au ("Legal action may be commenced or continued against the company despite the appointment of a receiver."); see also Finke v. Hunter's View, Ltd., 596 F. Supp. 2d. 1254, 1271 (D. Minn. 2009) (distinguishing types of bankruptcy proceedings for purposes of recovery).  Hadjdjelloul has not shown that GMC cannot satisfy a judgment or that it no longer exists.  Therefore, dismissal of Lowe's under § 544.41 is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.    The motion for summary judgment [Doc. No. 22]  is granted in part.

2.    Lowe's Home Centers, Inc. is dismissed without prejudice.


Dated:  October 6, 2011


s/David S. Doty
David S. Doty, Judge
United States District Court